SAVEA ENEKOSI, Appellant

v.

Workmen's Compensation Commissioner
MOAALI'ITELE L.K. TU'UFULI

High Court of American Samoa
Appellate Division

AP No. 3-87

October 20, 1987

Before KING*, Acting Associate Justice, and O'SCANNLAIN**, Acting Associate Justice.

Counsel: For Appellant, John Ward
For Appellee, Barry Rose, Assistant Attorney General

PER CURIAM:

### FACTS AND DECISION BELOW

Appellant Savea Enekosi was employed as a bus driver by Continental Bus Company when he sustained an injury stipulated by the parties as compensable

---

\* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

\*\* Honorable Diarmuid F. O'Scannlain, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

under the Workmen's Compensation Act of American Samoa. At the time of the injury, Savea was paid f, rty cents for each dollar received from bus passengers after gasoline expenses were deducted from the receipts.

Savea filed a Workmen's Compensation Notice of Claim for benefits calculated on the basis of the minimum wage in the territory, not by salary received. Appellee Workmen's Compensation Commission ("Commission") held a formal hearing, and issued findings and conclusions, including that: (1) Savea had sustained a compensable fifteen percent permanent partial disability to his hand, and (2) proper compensation was based on the highest of his average weekly wages in each of the four quarters immediately preceding the injury, as set forth in A.S.C.A. § 32.0621(d)(1) for employees whose wages are fixed by the day, by the hour, or by output.

Savea sought judicial review of the Commission's decision, asking for benefits based upon the territory's minimum hourly wage. The Trial Division held that Savea was an employee whose wages were fixed by output within the meaning of the statute, notwithstanding that his gasoline expenses were first deducted from passenger receipts. It also held that Savea's benefits could properly be based upon his actual wage even if it was below the wage set by the Fair Labor Standards Act under federal law and the Minimum Wage and Hour Act of American Samoa. Savea now appeals both of those rulings.

## DISCUSSION

This court has jurisdiction pursuant to A.S.C.A. § 32.0652. Although he appeals the ruling of the trial court, Savea attacks the original findings of the Commission as "not in accordance with law" as required by statute.

I

Savea first argues that the Commission erred in finding, and the trial court in affirming, that his average weekly wage was $42.83. He claims that, under A.S.C.A. § 32.0621(d)(3), a market wage for similar services should be used as a basis for his benefits because his hourly wage was not "fixed" or "ascertainable."

The Commission reached this figure by averaging his weekly paychecks for each of the four quarters preceding the injury, and using the highest of the four averages --- the method of calculation prescribed in § 32.0621(d)(1) for employees whose wages are fixed by output. The Trial Division upheld the determination as being in accordance with law, saying that Savea's wages were fixed by output within the meaning of the statute even though his gasoline expenses were first deducted from gross receipts.

We conclude, based on the record before us, that Savea's wages are fixed by his output. The statute does not require that the marginal rate of pay for increased output remain constant. An employee may fall within the "output" category, even if pay is measured by other factors.

Savea further argues that, even if an "output" employee, his benefits should be based solely upon his receipts from output --- the "wage most favorable to the employee". A.S.C.A. § 32.0621(d)(1). He cites in his support Travelers' Insurance Co. v. Curtis, 223 F.2d 827 (5th Cir. 1955), in which a truck owner-operator was paid a flat daily rate and required to pay his own maintenance and operation costs. That court noted, first, that there was nothing in its record on which to base any calculation of those costs, and, second, that his wages were the amounts he was paid for his work, not his net profit for the employment.

Here, Savea's agreement with his employer was that he be paid a portion of the profits for his work; thus, the trial court's holding was consistent with Travelers'. We note the Commission's finding that he was dismissed from employment largely because of high gasoline expenses. Savea himself was not required to pay fuel costs out of his wages. If he were, as the truck driver in Travelers' was, the amount of the costs would have been of no consequence to his employer. Instead, his wages and the employer's profits were both dependent upon his output net of gasoline costs. We therefore hold that the trial court used the correct method to determine Savea's wage for benefit purposes.

## II

Savea's second challenge to the Trial Division ruling is that it erred in basing his award upon an "illegal" wage, illegal because it was less than the minimum hourly wage for the territory under the Fair Labor Standards Act and the Minimum Wage and Hour Act of American Samoa. We disagree.

The economic aim of the workmen's compensation laws is to restore lost wages to one injured on the job. See, e.g., New Orleans Stevedores v. Turner, 661 F.2d 1031, 1042 (5th Cir. 1981) ("compensating for financial losses"); Linquist v. Bowen, 633 F.Supp. 846, 865 (W.D. Mo. 1986) ("primary purpose...was income replacement for the disabled worker"). Its purpose is not to give him a windfall or, worse, an incentive to disregard safety regulations.

We do not mean to encourage the formation of illegal employment agreements; we address here merely the legality and propriety of the award itself. We find that the workers' compensation award itself is in conformity with both the explicit requirements and the general purpose of the statute, and is not itself illegal. As the trial court indicated, if the appellant's other averments with respect to illegality are true, he has several other courses of action open to him which he may wish to pursue. This proceeding is not the proper place to consider such issues.

The judgment of the Trial Division is therefore AFFIRMED.